IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>THE WASHINGTON TIMES LLC,<br><br>              Alleged Debtor. | Chapter 11<br>Case No. 10-1041 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EMERGENCY MOTION OF ALLEGED DEBTOR, THE WASHINGTON
TIMES LLC, TO DISMISS INVOLUNTARY PETITION**

This Memorandum is filed in support of the Emergency Motion of Alleged Debtor, The Washington Times LLC, to Dismiss Involuntary Petition ("Motion To Dismiss").

**I. Introduction and Summary.**

The Washington Times LLC ("TWT") is the publisher of The Washington Times newspaper, with a daily circulation of approximately 38,587. TWT currently employs approximately 128 individuals. As more fully set forth in TWT's motion for expedited consideration of its emergency motion to dismiss (which is being filed simultaneously with the emergency motion), TWT seeks emergency expedited consideration of its motion to dismiss because the pendency of the Involuntary Petition is delaying and jeopardizing an impending sale of the membership interests of TWT which, if consummated, will avoid an imminent shutdown of TWT's operations and will provide TWT with a cash infusion of approximately $3.1 million to pay its creditors.

The Involuntary Petition should be dismissed because (i) Richard Steinbronn ("Steinbronn"), the individual who purported to file the petition "derivatively and/or as an individual with special interest" on behalf of purported petitioners, Washington Times Aviation

LLC ("WTA") and Washington Times Aviation USA LLC ("WTA USA"), has no standing to act on behalf of those entities and (ii) the claim Steinbronn alleges on his own behalf, in the amount of $390, is not sufficiently large to satisfy the standing requirements for a petitioner under 11 U.S.C. § 303(b)(2).

## II. Statement of Relevant Facts.[1]

The Involuntary Petition was filed by Steinbronn in three capacities: (1) "derivatively and /or as an individual with special interest, on behalf of creditor Washington Times Aviation LLC"; (2) "derivatively and /or as an individual with special interest, on behalf of creditor Washington Times Aviation USA LLC"; and (3) in his individual capacity. See Involuntary Petition, at 2 and continuation sheet. The Involuntary Petition was signed by Steinbronn, in all three capacities, pro se. See Involuntary Petition, at 2.

The facts supposedly entitling Steinbronn to file the petition on behalf of WTA and WTA USA, as alleged in the Involuntary Petition, are as follows:

> Creditors Washington Times Aviation LLC and Washington Times Aviation USA are both subsidiaries of Times Aerospace International LLC, (TAI), a Delaware limited liability company, on whose behalf Mr. Steinbronn also asserts derivative or special interest standing. Mr. Steinbronn's derivative or special interest standing is based on his positions as former director, officer and legal counsel for TAI, WTA and WTA USA and their affiliates (the TAI group) since at least 2005. He was wrongfully removed from his various positions in early November 2009, as part of a wrongful takeover of the TAI group by persons wrongfully in control of the entities owning and controlling the TAI group.

See Involuntary Petition, at continuation sheet, fn *.

---

[1] Because the motion to dismiss is filed pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by virtue of Bankruptcy Rule 1011, the properly pled facts alleged in the involuntary petition are assumed as true for purposes of this motion. However, TWT reserves the right to contest the facts alleged by Steinbronn in the event the motion to dismiss is not granted.

2

#9862749_v5

Steinbronn also signed the Involuntary Petition on his own behalf, claiming that he has a $390 claim against TWT, which he characterized in the petition as an "Expenditure on behalf of debtor as legal counsel to debtor." See Involuntary Petition, at continuation sheet, ¶ 3.

### III. Discussion.

The Motion to Dismiss is filed pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by virtue of Bankruptcy Rule 1011(b). Dismissal pursuant to Rule 12(b)(6) is appropriate when a plaintiff's allegations "fail to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss, "a complaint [or in this case the Involuntary Petition] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 570 (2007).

As demonstrated herein, TWT is entitled to dismissal of the Involuntary Petition because, even accepting the facts alleged in the Involuntary Petition as true, it is clear as a matter of law that Steinbronn did not have authority to file the Involuntary Petition on behalf of WTA and WTA USA,[2] and that Steinbronn's alleged claim of $390 is insufficient to provide him with standing to file an involuntary petition

---

[2] Even if Steinbronn had the authority to act on behalf of WTA and WTA USA (which he does not), the Involuntary Petition would still need to be dismissed as to those entities because the Involuntary Petition was filed pro se. It is well-settled that artificial entities such as limited liability companies may appear in federal court only through counsel. Cf. Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) ("it has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"); see Greater SE. Cmty. Hosp. Found., Inc., 586 F.3d 1, 5 (D.C. Cir. 2009) (citing Rowland in holding that a corporation could not appear pro se in federal bankruptcy court); Canales v. A.H.R.E., Inc., 254 F.R.D. 1, 10 (D.D.C. 2008) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." (quoting Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985))). An LLC, like a corporation, must be represented by licensed counsel in federal bankruptcy court. In re ICLNDS Notes Acquisition, LLC, 259 B.R. 289, 294 (Bankr. N.D. Ohio) ("[W]hether an LLC is viewed as a corporation or a partnership or a hybrid, it may only appear in court through an attorney."); accord Microsoft Corp. v. Seifelden Elec., LLC, 2010 WL 2501197, at *1 (D. Colo. April 5, 2010) ("It is well established that LLCs must be represented by counsel in order to proceed before this court." (citation omitted)). Although Steinbronn is apparently an attorney licensed in one or more other jurisdictions, he is not licensed to practice in the District of Columbia and, on

3

#9862749_v5

A. STEINBRONN DOES NOT HAVE AUTHORITY TO FILE THE PETITION ON BEHALF OF EITHER WTA OR WTA USA.

Steinbronn filed the Involuntary Petition on behalf of WTA and WTA USA "derivatively and /or as an individual with special interest" based solely on the fact that he was a director, officer and legal counsel of those entities prior to early November 2009, when he claims he was "wrongfully" removed from those positions. As demonstrated below, however, being wrongfully terminated from one's position as a director, officer and employee of a company, as Steinbronn alleges, does not confer upon the disgruntled former employee a right to initiate legal action on behalf of his former employers, either derivatively or as a person with a special interest.

    1. Steinbronn does not have standing to file the Involuntary Petition derivatively on behalf of WTA or WTA USA.

Under Delaware law,[3] only a member of a limited liability company or an assignee of the membership interest may bring a derivative action. See 6 Del. C. § 18-1001 and § 18-1002. As expressly set forth in the Delaware Limited Liability Company Act:

> In a derivative action, ***the plaintiff must be a member or an assignee of a limited liability company interest at the time of bringing the action*** and : (1) At the time of the transaction of which plaintiff complains; or (2) The plaintiff's status as a member or an assignee of a limited liability company interest had devolved upon the plaintiff by operation of law or pursuant to the terms of a limited liability company agreement from a person who was a member or an assignee of a limited liability company interest at the time of the transaction.

6 Del. C. § 18-1002(emphasis added).

Steinbronn does not allege (nor could he) that he is, or ever was, a member of, or the assignee of a membership interest in, either WTA or WTA USA. His claim of entitlement to file the Involuntary Petition derivatively is based solely on his claim that he was wrongfully

---

information and belief, is not a member of the U.S. District Court for the District of Columbia. More importantly, he did not sign the Involuntary Petition as counsel for any of the petitioners.

[3] WTA and WTA USA are limited liability companies formed under the laws of the state of Delaware.

4

#9862749_v5

terminated as an officer, director and counsel for those entities in early November 2009. But disgruntled, wrongfully terminated officers, directors and employees do not have standing to assert derivative claims on behalf of their former employers under Delaware law, or the law of any other jurisdiction, for that matter.[4]

    2.    Steinbronn does not have standing as a person with a special interest to file the Involuntary Petition on behalf of WTA or WTA USA.

The general rule is that to possess standing, plaintiffs must assert their own claims and not those of other entities or individuals. Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 474 (1982) ("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). See also Skelton v. EPA, 2009 WL 2191981, at *3 (D.S.C. July 16, 2009) ("It is settled that pro se litigants, such as Plaintiff, have no standing to bring suit on behalf of other persons or entities." (citing Laird v. Tatum, 408 U.S. 1 (1972)).

Where an individual has sought to bring claims on behalf of an entity or institution, courts occasionally have recognized a limited departure from this rule in the context of charitable trusts. Such cases have established a "special interest" exception in circumstances "where an individual seeking enforcement of the trust has a 'special interest' in continued performance of that trust distinguishable from the public at large." Hooker v. Edes Home, 579 A.2d 608, 612 (D.C. 1990) (holding that plaintiffs were members of a class of beneficiaries of a charitable trust who had standing to challenge the action of its trustees). See also Pollock v. Peterson, 271 A.2d

---

[4] Even if Steinbronn were claiming to own membership interests in WTA and WTA USA (and he is not), he would still lack standing to file the Involuntary Petition because a member of a Delaware LLC may only bring a derivative action "if managers or members with authority to do so have refused to bring the action or if an effort to cause those managers or members to bring the action is not likely to succeed." 6 Del. C. § 18-1001. The Involuntary Petition does not allege (nor could it) that the prerequisite for asserting a derivative action on behalf of WTA and WTA is satisfied.

45, 49 (Del.Ch. 1070) ("The resident and land owning plaintiffs are clearly not of that special class of trust beneficiaries who have standing to sue for their own special interest.")

The "special interest" exception has no applicability to this case. The Involuntary Petition does not allege, nor could it, that WTA and WTA USA are charitable trusts or charitable organizations, because they are not. The Involuntary Petition does not allege, nor could it, that Steinbronn is a member of a special class of people who are beneficiaries of WTA or WTA USA. The only facts alleged by Steinbronn in support of his claimed entitlement to standing as an "individual with special interest" is his allegation that he was wrongfully terminated from his positions as an officer, director and employee of WTA and WTA USA in early November 2009. While such allegations might support a wrongful termination claim by Steinbronn in his individual capacity against WTA and WTA USA, it certainly does not confer upon him the right to assert claims on behalf of his former employers.

B.  STEINBRONN'S $390 CLAIM IS INSUFFICIENT TO CONFER UPON HIM STANDING TO INITIATE AN INVOLUNTARY BANKRUPTCY CASE.

Although Steinbronn has no standing to file the Involuntary Petition on behalf of either WTA or WTA USA, and those entities therefore cannot be counted as petitioning creditors, the question remains whether Steinbronn, standing alone in his capacity as an individual petitioner, has the required standing to file an involuntary bankruptcy petition against TWT. The answer to that question is clearly "no."

The Bankruptcy Code does not allow creditors holding de minimis claims to commence an involuntary bankruptcy petition. Under Section 303 of the Bankruptcy Code, an involuntary bankruptcy case may only be commenced by a petition filed by one or more creditors with non-contingent undisputed claims aggregating at least $14,425.00 more than the value of any lien on

property of the debtor securing such claims.    11 U.S.C. §§ 303(b)(1) and (2). Steinbronn does not have standing to file an involuntary bankruptcy petition against TWT because the claim he has asserted in the Involuntary Petition is for only $390, which is far below the statutory threshold required for the filing of an involuntary bankruptcy petition.

C. THE COURT SHOULD SCHEDULE A HEARING TO DETERMINE THE AMOUNT TO BE AWARDED TO TWT FOR REASONABLE ATTORNEYS' FEES, COSTS, COMPENSATORY DAMAGES AND/OR PUNITIVE DAMAGES PURSUANT TO 11 U.S.C. § 303 (i).

TWT requests that upon dismissal of the Involuntary Petition, the Court establish a briefing schedule and schedule a hearing to determine the amount of a judgment that TWT is entitled to against petitioner Steinbronn under 11 U.S.C. § 303(i). Section 303(i) of the Bankruptcy Code provides as follows:

> (i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment--
>
> (1) against the petitioners and in favor of the debtor for--
>
> (A) costs; or
>
> (B) a reasonable attorney's fee; or
>
> (2) against any petitioner that filed the petition in bad faith, for--
>
> (A) any damages proximately caused by such filing; or
>
> (B) punitive damages.

11 U.S.C. § 303(i).

Notwithstanding the use of "or" between the various categories of damages that may be recovered, courts have held that the specified categories of damages are not mutually exclusive, and that an alleged debtor who succeeds in obtaining dismissal of an involuntary petition may obtain a judgment against the petitioners for all four categories of damages --attorney's fees,

7

#9862749_v5

costs, compensatory damages and punitive damages-- or a combination thereof, in appropriate cases. See 11 U.S.C. § 102(5) (defining the word "or" as nonexclusive within the Bankruptcy Code); In re K.P. Enter., 135 B.R. 174 (Bankr. D. Me. 1992) (recognizing that a debtor can recover under both paragraphs (1) and (2) of § 303(i)); In re Advance Press & Litho, Inc., 46 B.R. 700, 701 (Bankr. D. Colo. 1984) ("The award of fees and costs under § 303(i)(1) and the award of compensatory damages or punitive damages under § 303(i)(2) are not exclusive. These damages may be allowed alternatively or cumulatively."); In re Oakley Custom Homes, Inc., 168 B.R. 232 (Bankr. D. Colo. 1994) (holding that a debtor can recover punitive damages under § 303(i)(2)(B) even absent a finding of actual damages under § 303(i)(2)(A)). See also In re Mountain Dairies, Inc., 372 B.R. 623, 637 (Bankr. S.D.N.Y. 2007) (recognizing a "presumption that costs and attorney's fees will be awarded to the alleged debtor following dismissal of an involuntary petition." (citation omitted)).

The evidence will show that the Involuntary Petition filed by Steinbronn was filed in bad faith, by a disgruntled former employee who knew that: (i) he had no standing to file the petition on behalf of WTA and WTA USA; (ii) his purported claim of $390 was not sufficient to confer standing on him to file such a petition; and (iii) that the filing of the Involuntary Petition would likely delay and jeopardize the imminent sale of the membership interests of TWT, and the resulting infusion of funds into TWT that would allow TWT to avoid an imminent shut down of its operations and pay its third party creditors. Under these circumstances, TWT asserts that it will be entitled to a judgment against Steinbronn to compensate it for its reasonable attorney's fees and costs, for damages proximately caused by filing of the Involuntary Petition, and for punitive damages.

#9862749_v5

## IV. Conclusion.

For the foregoing reasons, the Court should dismiss the Involuntary Petition and establish a briefing schedule and schedule a hearing to determine the amount of costs, attorneys' fees, and damages that should be awarded to TWT pursuant to 11 U.S.C. § 303(i).

Date: October 25, 2010                           Respectfully submitted,


                                                /s/ Richard E. Lear
Stephen A. Bogorad (D.C. Bar No. 375365)
Philip T. Evans (D.C. Bar No. 441735)
Richard E. Lear (D.C. Bar No. 398468)
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
Telephone: (202) 955-3000
Facsimile: (202) 955-5564

Counsel for The Washington Times LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2010, a true and correct copy of the foregoing Memorandum was filed and served electronically on all parties designated to receive electronic notice in this case pursuant to this Court's electronic management system and by first-class mail, postage prepaid, and by e-mail at raslegal@aol.com on all interested parties on the service list attached hereto not served by ECF.

                                                /s/ Richard E. Lear
                                                Richard E. Lear

#9862749_v5

## SERVICE LIST

Richard Steinbronn
13404 Hamer Ct.
Herndon, VA 20170

Washington Times Aviation LLC
c/o Richard Steinbronn
13404 Hamer Ct.
Herndon, VA 20170

Washington Times Aviation USC LLC
c/o Richard Steinbronn
13404 Hamer Ct.
Herndon, VA 20170

US Trustee's Office
115 South Union Street
Suite 210 Plaza Level
Alexandria, VA  22314

11

#9862749_v5